IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CYNTHIA G.,[1]

    Plaintiff,

v.                                                                                                                                          1:24-cv-00592-JMR

LELAND DUDEK,[2] Acting Commissioner
of the Social Security Administration,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's Opposed Motion to Remand for Further Administrative Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(g), filed on August 28, 2024.  Doc. 12.  In response, Plaintiff agrees the case should be remanded, but she argues that it should be remanded for an immediate award of benefits rather than for a rehearing.  Doc. 13.  In reply, Defendant urges the Court to remand for a fourth hearing rather than ordering an immediate award of benefits.  Doc. 14.  The parties consented to my entering final judgment in this case pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b).  Docs. 4, 8, 9.  Having meticulously reviewed the record and being fully advised in the premises, the Court GRANTS

---

[1] Due to sensitive personal and medical information contained in this opinion, the Court uses only the plaintiff's first name and last initial.  In so doing, the Court balances the plaintiff's privacy interest in her personal medical information, *United States v. Dillard*, 795 F.3d 1191, 1205–06 (10th Cir. 2015), and the public's interest in accessing the opinion, FED. R. CIV. P. 5.2(c)(2)(B).

[2] Leland Dudek became the Acting Commissioner of the Social Security Administration on February 16, 2025, and is automatically substituted as the defendant in this action.  FED. R. CIV. P. 25(d).

Defendant's request to remand but DENIES Defendant's request to remand for further administrative proceedings.  Instead, the Court remands for an immediate award of benefits.

## I.       Applicable Law and Sequential Evaluation Process

To qualify for disability benefits, a claimant must establish that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process.  20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  At the first four steps of the evaluation process, the claimant must show: (1) the claimant is not engaged in "substantial gainful activity"; (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) the impairment(s) either meet or equal one of the Listings[3] of presumptively disabling impairments; *or* (4) the claimant is unable to perform his or her "past relevant work."  20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan v. Barnhart*, 399 F.3d 1257, 1260–61 (10th Cir. 2005).  If the claimant cannot show that his or her impairment meets or equals a Listing but proves that he or she is unable to perform his or her "past relevant work," the burden of proof shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity ("RFC"), age, education, and work experience.  *Id.*

---

[3] Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, app. 1.

## II.     Background and Procedural History

This is Plaintiff's third appeal to the United States District Court regarding her applications for benefits.

### A. Plaintiff's First Appeal

Over nine years ago, in November 2015, Plaintiff filed applications for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI").  AR 310–21.[4]  In her initial applications, Plaintiff alleged disability since June 25, 2015 due to lupus, Sjogren's syndrome, Raynaud's disease, rheumatoid arthritis, fibromyalgia, asthma, anxiety, depression, functional neurological disorder, functional movement disorder, and conversion disorder. AR 310, 312, 422.  Plaintiff's application was denied at the initial level on March 4, 2016 (AR 161–66) and at the reconsideration level on January 26, 2017 (AR 172–77).

Plaintiff requested a hearing (AR 180–84), which ALJ D'Lisa Simmons held on May 11, 2018 (AR 47–94).  On August 9, 2018, ALJ Simmons issued her decision, finding Plaintiff not disabled at step five of the sequential evaluation process. AR 1702–20.  Following the Appeals Council's denial of her request for review (AR 6–11), Plaintiff filed her first appeal to this Court on July 31, 2019 (AR 1737–38).  In her first appeal, Plaintiff raised three claims of error:

> (1) the ALJ erred by improperly rejecting the opinion of treating rheumatologist, Jacqueline Vo, M.D.; (2) the ALJ erred by improperly weighing the opinion of evaluating neuropsychologist, Adriana Strutt, Ph.D.; and (3) the ALJ erred by failing to account for the moderate limitations in the opinion of nonexamining State agency psychologist, Thomas VanHoose, Ph.D.

---

[4] Documents 11-1 through 11-27 comprise the sealed Administrative Record ("AR").  When citing to the record, the Court cites to the AR's internal pagination in the lower right-hand corner of each page, rather than to the CM/ECF document number and page.

*See* AR 1744. On September 14, 2020, this Court found that the ALJ erred in weighing the opinions of Dr. Strutt and Dr. VanHoose and remanded based on these errors. AR 1753–65. The Court did not reach Plaintiff's argument that the ALJ erred in weighing the opinion of Dr. Vo. AR 1765.

### B. Plaintiff's Second Appeal

On December 16, 2020, more than five years after Plaintiff applied for benefits, the Appeals Council remanded the case to an ALJ. AR 1769–70. The Appeals Council noted that Plaintiff had filed a subsequent claim for SSI on April 21, 2020, and that the SSA had found her disabled as of that date.[5] AR 1769. On April 27, 2021, ALJ Lillian Richter held a second hearing. AR 4698–4741. On August 4, 2021, ALJ Richter issued her decision, finding Plaintiff not disabled at step five of the sequential evaluation process for the closed period of June 25, 2015 through April 20, 2020. AR 4650–73. Plaintiff filed her second appeal to this Court on September 7, 2021. AR 4687–88.

In her second appeal, Plaintiff raised three claims of error: (1) the ALJ failed to follow the mandate from the Appeals Council and improperly weighed the opinions of psychologists Dr. VanHoose and Dr. Strutt; (2) the ALJ erred at step five by failing to resolve a conflict between the vocational expert's testimony and the Dictionary of Occupational Titles and by failing to make a finding that the jobs the VE identified at step five were significant; and (3) the ALJ's RFC failed to account for her subjective mental health symptoms. *Garza v. Kijakazi*, 1:21-cv-

---

[5] The Order of the Appeals Council states that the SSA found Plaintiff disabled on her second application as of August 9, 2018. AR 1769. However, the SSA actually found Plaintiff disabled on her second application as of April 21, 2020, the protective filing date. AR 4653.

4

00876-KRS, Doc. 18 at 2.  On June 24, 2022, the SSA filed an Unopposed Motion for Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g), which the Court granted.  *Id*., Docs. 23–24.

### C. Plaintiff's Third Appeal

On April 5, 2023, more than seven years after Plaintiff applied for benefits, the Appeals Council once again remanded the case to an ALJ.  AR 4691–95.  The Appeals Council noted several deficiencies in the ALJ's decision, which it ordered the ALJ to address on remand:  (1) failure to adequately evaluate Plaintiff's alleged symptoms—particularly her mental health symptoms— and their impact on her RFC; (2) failure to adequately evaluate the opinion of Dr. Strutt; (3) failure to evaluate the opinion of state agency consultant Dr. Scott Walker; (4) failure at step five to resolve a conflict between the vocational expert's testimony and the Dictionary of Occupational Titles.  AR 4693–94.

On January 30, 2024, ALJ Michael Leppala held the third ALJ hearing in this case.  AR 4627–49.  ALJ Leppala issued his unfavorable decision on April 9, 2024.  AR 4592–4611.  The decision addressed only the closed period between June 25, 2015 and April 20, 2020.  AR 4595.  The ALJ noted that Plaintiff was insured through December 31, 2017.  AR 4598.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 25, 2015, her alleged onset date.  *Id.*  At step two, the ALJ found that Plaintiff had the following severe impairments:

> asthma, fibromyalgia, lupus, status post chemotherapy and stem cell transplant, obstructive sleep apnea (OSA), Sjogren's syndrome, Raynaud's syndrome, degenerative disc disease of the lumbar spine, lumbar radiculopathy with sciatica, idiopathic peripheral neuropathy, seizure disorder with pseudo-seizures, syncope, chronic pain syndrome, insomnia, migraines, posttraumatic stress disorder (PTSD), anxiety, neurocognitive disorder, conversion disorder, and depression.

*Id.*

At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. AR 4598–4600. Because the ALJ found that none of the impairments met a Listing, the ALJ assessed Plaintiff's RFC. AR 4600–09. The ALJ found Plaintiff had the RFC to

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she was capable of occasionally lifting and/or carrying ten pounds, frequently lifting and/or carrying less than ten pounds, standing and/or walking for about six hours in an eight-hour workday, and sitting for about six hours in an eight-hour workday, all with normal breaks. She was further limited to occasionally climbing ramps or stairs, never climbing ladders, ropes, or scaffolds, occasionally stooping, kneeling, crouching, and crawling, and frequently reaching, handling, and fingering. The Claimant was limited to frequent exposure to pulmonary irritants, such as fumes, noxious odors, dusts, gases, and poorly ventilated areas; occasional exposure to unprotected heights, dangerous machinery, and moving machinery; and occasional exposure to vibration. She could not work outside or operate a motor vehicle, and should avoid exposure to sharp or hot objects. The Claimant could understand, carry out, and remember simple instructions and make commensurate work-related decisions; respond appropriately to supervision, coworkers, and work situations; deal with occasional changes in work setting; and maintain concentration, persistence, and pace for up to and including two hours at a time with normal breaks throughout a normal workday.

AR 4600–01.

At step four, the ALJ found Plaintiff unable to perform any of her past relevant work, which included work as a business development manager, bank manager, administrative clerk, real estate clerk, training program coordinator, and a housing project manager. AR 4609. The ALJ found Plaintiff not disabled at step five because she could perform jobs that exist in significant numbers in the national economy—such as food and beverage clerk and information clerk. AR 4610.

Plaintiff timely filed her appeal to this Court on June 11, 2024.  Doc. 1.[6]  On August 28, 2024, before Plaintiff filed her opening motion, Defendant filed an Opposed Motion to Remand for Further Administrative Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(g).  Doc. 12.  Defendant states that she "further reviewed Plaintiff's case and determined that remand for further proceedings is warranted."  *Id*. at 1.  Defendant's motion provides no explanation of why remand for rehearing is warranted, or what errors she plans to remedy through further administrative proceedings.  *Id*.  Nonetheless, as Plaintiff asserts, "[t]he Commissioner has conceded, through the offer to remand currently, that the ALJ committed harmful legal error."  Doc. 13 at 17.  And, in his reply, the Commissioner concedes that "remand is warranted for further consideration" of the opinion evidence.  Doc. 14 at 4.

### III.   Plaintiff's Claims

Plaintiff agrees with Defendant that remand is appropriate but urges the Court to remand for an immediate award of benefits, rather than for a rehearing.  Doc. 13 at 1.  Plaintiff argues that an immediate award of benefits is appropriate due to the protracted nature of the case and because further fact-finding is unlikely to be useful.  *Id*. at 2–9.  Plaintiff also argues that an immediate award of benefits is appropriate because the ALJ failed to follow the mandate from this Court and the subsequent order from the Appeals Council.  *Id*. at 9–17.  The Commissioner admits that the Court "has authority under 42 U.S.C. § 405(g) to reverse without remanding for further proceedings (i.e., to order the Commissioner to award benefits)," but asserts that "this authority should only be exercised in limited circumstances" not present here.  Doc. 14 at 2.  The Court agrees with Plaintiff and will remand for an immediate award of benefits.

---

[6] A claimant has sixty days to file an appeal.  The sixty days begins running five days after the decision is mailed.  20 C.F.R. §§ 404.981, 416.1481; *see also* AR 3.

### IV. Analysis

This Court has discretion "to remand either for further administrative proceedings or for an immediate award of benefits." *Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993) (citations omitted). Among the relevant factors the court may consider in making this decision are (1) "the length of time the matter has been pending" and (2) "whether or not given the available evidence, remand for additional fact-finding would serve any useful purpose but would merely delay the receipt of benefits." *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006) (cleaned up).

In assessing the second factor, the Court may consider whether the record conclusively supports a finding of disability, but the Court is not required to find that it does before remanding for an immediate award of benefits. *See, e.g.*, *Ragland*, 992 F.2d at 1060 (finding the record inadequate to "satisfy the [Commissioner's] step five burden" and remanding for an immediate award of benefits without assessing whether further fact-finding applying the right standards might result in denial of benefits); *Nielson v. Sullivan*, 992 F.2d 1118, 1122 (10th Cir. 1993) (directing immediate award of benefits despite need for additional fact-finding because of agency's failure to follow regulations, claimant's advanced age, and length of time case pending); *Huffman v. Astrue*, 290 F. App'x 87, 89–90 (10th Cir. 2008) (unpublished) (remanding for an immediate award of benefits where the ALJ's decision was too vague to review).

The Court does not "take its discretion [to remand for an immediate award of benefits] lightly and is generally opposed to reaching beyond its ordinary role in these cases." *Romero v. Kijakazi*, No. 22-cv1237-MDB, 2023 WL 4545158, at *5 (D. Colo. July 7, 2023). However, the Commissioner "is not entitled to adjudicate a case *ad infinitum* until [he] correctly applies the proper legal standard and gathers evidence to support [his] conclusion." *Sisco v. U.S. Dep't of*

*Health & Human Servs.*, 10 F.3d 739, 746 (10th Cir. 1993) (citation and quotation omitted); *see also Railey v. Apfel*, 134 F.3d 383 (10th Cir. 1998), 1998 WL 30236 (unpublished table decision) (remanding for an immediate award of benefits in part because of "the Commissioner's inability to produce an affirmable decision after four administrative hearings").

### A. The Commissioner's view of the scope of the Court's discretion is overly narrow.

The Commissioner paints a very narrow picture of the scope of the Court's discretion to remand for an immediate award of benefits. Tenth Circuit case law, however, does not support such a narrow reading. The Commissioner argues that the Court cannot remand for an immediate award of benefits unless the "uncontradicted evidence establishes that Plaintiff was disabled during the period at issue." Doc. 14 at 4. The Commissioner then asserts that—because Plaintiff's record contains conflicting rather than uncontradicted evidence—this matter must be remanded for further administrative proceedings. *Id*. The Commissioner cites two cases in support of these broad propositions, neither of which the Court finds persuasive.

First, the Commissioner cites *Miller v. Chater*, 99 F.3d 972, 978 (10th Cir. 1996) for the proposition that the Court must remand "where further fact-finding is needed because the Court cannot reweigh evidence." Doc. 14 at 3. *Miller*, however, is not so proscriptive. While the *Miller* court exercised its discretion to remand for further fact-finding, the court also warned the Commissioner as follows:

> After four administrative hearings, two of which were held pursuant to explicit instructions by the district court to address the [closed period of time], we would caution the agency that "the [Commissioner] is not entitled to adjudicate a case *ad infinitum* until [he] correctly applies the proper legal standard and gathers evidence to support [his] conclusion."

9

*Miller*, 99 F.3d at 978 (citing *Sisco,* 10 F.3d at 746).  Thus, while *Miller* shows that a court may remand for further fact-finding when the record contains conflicting evidence, *Miller* does not proscribe this as the only option.

Second, the Commissioner cites *Winick v. Colvin*, 674 F. App'x 816, 823 (10th Cir. 2017) (unpublished) for the proposition that the Court must remand where there is conflicting evidence.  Doc. 14 at 4.  In *Winick,* the circuit court remanded for re-evaluation of several medical source opinions as well as the plaintiff's disability rating from the Department of Veterans Affairs. *Winick*, 674 F. App'x at 819–22.  The *Winick* court acknowledged that the claim had been pending for nearly ten years and had been remanded several times.  *Id.* at 823.  Nevertheless, the court found that "an eventual award of benefits [was] not foreordained, and further administrative proceedings [were] appropriate to permit the Commissioner to properly weigh the evidence." *Id.*  As with *Miller, Winick* shows only that a court *may* remand for further fact-finding when the record contains conflicting evidence, but nothing in *Winick* requires it to do so.

Like other judges in this district, I find the Court has discretion to remand either for further fact-finding or for an immediate award of benefits without first finding that the record conclusively supports a finding of disability.  *See, e.g.*, *Mendoza-Martinez v. Kijakazi*, No. 20cv310 SMV, 2021 WL 5207074, at *9 (D.N.M. Nov. 9, 2021) (Vidmar, J.) (immediate award of benefits not contingent on "the record fully support[ing] that the Plaintiff is disabled as a matter of law"); *Samadi v. Kijakazi*, No. 21cv314 JFR, 2022 WL 2286834, at *5 (D.N.M. June 24, 2022) (Robbenhaar, J.) (same); *Maldonado v. Kijakazi*, No. 22cv554 DLM, 2023 WL 4235637, at *4 (D.N.M. June 28, 2023) (Martinez, J.) ("[T]he Commissioner offers no authority

to suggest that an immediate award of benefits is precluded by a record that does not wholly support a favorable disability determination.").

### B. The factors in this case support an immediate award of benefits.

Having established the scope of the Court's discretion, the Court now turns to an analysis of the applicable factors: (1) "the length of time the matter has been pending" and (2) "whether or not given the available evidence, remand for additional fact-finding would serve any useful purpose but would merely delay the receipt of benefits." *Salazar*, 468 F.3d at 626.

First, with respect to the length of time this case has been pending, the Court observes that Plaintiff's eligibility for benefits during the relevant time period (June 25, 2015 through April 20, 2020) remains unresolved after more than nine years and three appeals to this Court. Plaintiff has met her burden to show disability at the first four steps of the sequential evaluation process each of the three times that an ALJ considered her claim. AR 1705–17, 4653–71, 4595–4609. There is little question that the length of time this case has been pending and its procedural history weigh in favor of an immediate award of benefits. *See Ragland*, 992 F.2d at 1060 (remanding for an immediate award of benefits "[i]n light of the [SSA's] patent failure to satisfy the burden of proof at step five, and the long delay [of at least four years] that has already occurred as a result of the [SSA's] erroneous disposition of the proceedings").

Judges in this district have remanded for an immediate award of benefits in cases pending for similar lengths of time and with comparable procedural histories. *See*, e.g., *Maldonado*, 2023 WL 4235637, at *3–4 (remanding for immediate award of benefits where the disability claim was still "unresolved after more than seven years and three appeals to this Court"); *Tilla v. Kijakazi*, No. 22cv04 JFR, 2022 WL 16572392, at *12–13 (D.N.M. Nov. 1, 2022) (ten years and three appeals); *Jennifer S. v. Kijakazi*, No. 20cv1021-SCY, 2022 WL 860369, at *11–12

11

(D.N.M. Mar. 23, 2022) (eleven years and three appeals); *Rees v. Kijakazi*, No. 20cv575-KWR-LF, 2021 WL 5416225, at *9 (D.N.M. Nov. 19, 2021), R&R adopted, 2021 WL 5769476 (D.N.M. Dec. 6, 2021) (ten years and three appeals); *Mendoza-Martinez*, 2021 WL 5207074, at *9 (twelve years and three appeals). Similar to my colleagues, I find the length of time this case has been pending and its procedural history weigh in favor of remanding for an immediate award of benefits.

In addition, the procedural history of this case cuts against finding that remanding for additional fact-finding would serve any useful purpose. Despite repeated opportunities to correct its errors, the Commissioner has failed to do so. In Plaintiff's first appeal, the Court found that the ALJ erred in weighing the opinions of Dr. Strutt and remanded in part on this basis. AR 1753–65. A second ALJ held a hearing and issued a second decision. AR 4650–73, 4698–4741. In her second appeal to this Court, Plaintiff again argued that the ALJ erred in weighing the opinions of Dr. Strutt. *Garza v. Kijakazi*, 1:21-cv-00876-KRS, Doc. 18 at 2. The SSA filed an Unopposed Motion for Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g), (*id.*, Doc. 23) and, on remand, the Appeals Council once again noted that the ALJ failed to properly weigh the opinions of Dr. Strutt (AR 4693–94). A third ALJ held a hearing and issued the decision now on appeal. Here, Plaintiff once again asserts that the ALJ failed to properly weigh the opinion of Dr. Strutt. Doc. 13 at 14–17. And in response, the Commissioner again concedes that the ALJ did not adequately address the various opinion evidence, including Dr. Strutt's opinion. *See* Doc. 14 at 4. The SSA has had three separate chances to properly consider Dr. Strutt's opinion but has failed to do so. These repeated reversals of the ALJ's decision on the same ground weigh in favor of an immediate award of benefits. The Commissioner "is not entitled to adjudicate a case *ad infinitum* until [he] correctly applies the proper legal standard and gathers

evidence to support [his] conclusion." *Sisco*, 10 F.3d at 746; s*ee also Serafin v. Berryhill*, No. 18cv1053 SMV, 2019 WL 3843051, at *6 (D.N.M. Aug. 15, 2019) ("The Court declines to remand a third time to give [the Commissioner] another mulligan to meet his burden.").

Like other courts, I find that remanding for additional fact-finding would not be useful because the Commissioner has repeatedly failed to conduct and/or articulate the correct analysis of the evidence already in the record despite clear instructions to do so by the Court and the Appeals Council. *See Huffman*, 290 F. App'x at 90 (unpublished) (remanding for an immediate award of benefits where the ALJ's decision was too vague for meaningful review, the case had previously been remanded, and the matter had been pending for over six years); *Serafin*, 2019 WL 3843051, at *6 (remanding for immediate benefits where, "[d]espite . . . explicit instructions, and despite clear law on the evaluation of medical source opinions, the Commissioner failed to apply the correct legal standards in evaluating" the medical source opinions); *Herrera v. Kijakazi*, No. 21cv227 KBM, 2022 WL 604728, at *4 (D.N.M. Mar. 1, 2022) ("[T]he ALJ's disregard of the Appeals Council's unambiguous instructions on remand undermines the Court's confidence that the Agency would, on yet a fifth opportunity to review the evidence in this case, apply the proper legal standards and render a decision supported by substantial evidence."). The Commissioner has had three opportunities to fulfill his fact-finding role in accordance with the applicable regulations and has not met his burden to do so, causing years-long delay in the disposition of this case. *See Ragland*, 992 F.2d at 1060 (remanding for an immediate award of benefits "[i]n light of the [Commissioner's] patent failure to satisfy the burden of proof at step five, and the long delay that has already occurred as a result of the [Commissioner's] erroneous disposition of the proceedings . . . .").

The length of time this matter has been pending and the fact that remand for additional fact-finding would not serve any useful purpose both weigh in favor of remanding for an immediate award of benefits. The Court, therefore, will grant Plaintiff's request to remand for an immediate award of benefits.

## V.     Conclusion

IT IS THEREFORE ORDERED that defendant's Opposed Motion to Remand for Further Administrative Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(g) (Doc. 12), is GRANTED IN PART and DENIED IN PART. The Court grants Defendant's request to remand this case but denies Defendant's request to remand for further administrative proceedings. Instead, the Court remands this case for an immediate award of benefits.

*/s/ Jennifer M. Rozzoni*
JENNIFER M. ROZZONI
United States Magistrate Judge
Presiding by Consent