IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CYNTHIA GARZA,

      Plaintiff,

v.                                      1:24-cv-00592-JMR

FRANK BISIGNANO,[1] Commissioner
of the Social Security Administration,

      Defendant.

**ORDER GRANTING MOTION FOR ATTORNEY FEES
PURSUANT TO 42 U.S.C. § 406(b)**

THIS MATTER comes before the Court on Plaintiff Cynthia Garza's Unopposed Motion

for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b), filed on November 13,

2025. Doc. 19. The Commissioner takes no position on the fee petition. Doc. 20. Having

reviewed the briefing, the record, and the applicable case law, and being otherwise fully advised

in the premises, I find the motion well taken and will GRANT it.

## I.      Procedural History

Plaintiff filed three appeals to this Court, ultimately securing an order granting her an

immediate award of benefits.

Over a decade  ago, in November 2015, Plaintiff filed applications for Social Security

Disability Insurance ("SSDI") and Supplemental Security Income ("SSI"). AR 310–21.[2]

---

[1] Frank Bisignano became the Commissioner of the Social Security Administration on May 7,
2025, and is automatically substituted as the defendant in this action. FED. R. CIV. P. 25(d).

[2] Documents 11-1 through 11-27 constitute the sealed Administrative Record ("AR"). When
citing to the record, the Court cites to the AR's internal pagination in the lower right-hand corner
of each page, rather than to the CM/ECF document number and page.

Plaintiff's applications were denied at the initial level on March 4, 2016 (AR 161–66) and at the

reconsideration level on January 26, 2017 (AR 172–77).  Plaintiff requested a hearing (AR 180–

84), which ALJ D'Lisa Simmons held on May 11, 2018 (AR 47–94).  On August 9, 2018, ALJ

Simmons issued her decision, finding Plaintiff not disabled at step five of the sequential

evaluation process. AR 1702–20.  Following the Appeals Council's denial of her request for

review (AR 6–11), Plaintiff filed her first appeal to this Court on July 31, 2019 (*Garza v. Saul*,

1:19-cv-00699-JFR) (AR 1737–38).  On September 14, 2020, this Court found that the ALJ

erred in weighing the opinions of Drs. Strutt and VanHoose and remanded based on these errors.

AR 1753–65.

On December 16, 2020, more than five years after Plaintiff applied for benefits, the

Appeals Council remanded the case to an ALJ.  AR 1769–70.  The Appeals Council noted that

Plaintiff had filed a subsequent claim for SSI on April 21, 2020, and that the SSA had found her

disabled as of that date.   AR 1769.  On April 27, 2021, ALJ Lillian Richter held a second

hearing.  AR 4698–4741.  On August 4, 2021, ALJ Richter issued her decision, finding Plaintiff

not disabled at step five of the sequential evaluation process for the closed period of June 25,

2015 through April 20, 2020.  AR 4650–73.  Plaintiff filed her second appeal (*Garza v. Kijakazi*,

1:21-cv-00876-KRS) to this Court on September 7, 2021.  AR 4687–88.  On June 24, 2022, the

SSA filed an Unopposed Motion for Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g),

which the Court granted.  *Id.*, Docs. 23–24.

On April 5, 2023, more than seven years after Plaintiff applied for benefits, the Appeals

Council once again remanded the case to an ALJ.  AR 4691–95.  On January 30, 2024, ALJ

Michael Leppala held the third ALJ hearing in this case. AR 4627–49.  ALJ Leppala issued his

unfavorable decision on April 9, 2024.  AR 4592–4611.  The decision addressed only the closed

period between June 25, 2015 and April 20, 2020.  AR 4595.  The ALJ found Plaintiff not

disabled at step five.  AR 4610.  Plaintiff timely filed her appeal to this Court on June 11, 2024.

Doc. 1.  On August 28, 2024, before Plaintiff filed her opening motion, Defendant filed an

Opposed Motion to Remand for Further Administrative Proceedings Pursuant to Sentence Four

of 42 U.S.C. § 405(g).  Doc. 12.  Defendant once again asked the Court to remand for further

proceedings, Doc. 12, but in her response, Plaintiff argued that an immediate award of benefits

was more appropriate, Doc. 13 at 1.  The Court agreed with Plaintiff, and entered a

Memorandum Opinion and Order granting Plaintiff an immediate award of benefits on February

19, 2025.  Doc. 16.

On remand, the SSA awarded Plaintiff $114,594.00 in back benefits for the period of

December 2015 through February 2025.  Doc. 19-1 at 18.  By Notice of Award dated September

14, 2025, the Commissioner notified Plaintiff that he had withheld $28,648.50 from her past-due

benefits to pay for attorney's fees.  *Id*.  Plaintiff's attorney requested and was awarded

$10,000.00 from the SSA for the work performed at the administrative level.  Doc. 19 at 5.

Plaintiff's attorney, Laura Johnson, now requests that she be awarded $18,648.50 as attorney's

fees for legal services rendered before this Court.  *Id*. at 1.

Plaintiff was twice awarded fees under the Equal Access to Justice Act ("EAJA") in

connection with her appeals to this Court.  On November 25, 2020, Magistrate Judge John F.

Robbenhaar awarded Plaintiff $6,950.00 in attorney's fees under the EAJA.  *Garza v. Saul*,

19cv699 JFR, Doc. 31.  And, on September 27, 2022, Magistrate Judge Kevin R. Sweazea

awarded Plaintiff $8,000.00 in attorney's fees under the EAJA.  *Garza v. Kijakazi*, 21cv876

KRS, Doc. 28.  Ms. Johnson states that she will refund all of the EAJA fees (totaling $14,950.00)

that are not subject to the Treasury Offset Program (31 U.S.C. § 3716 (c)(3)(A)(i)) to Plaintiff if

her instant motion for attorney's fees under § 406(b) is granted.

## II.    Standard

Section 406(a), title 42, United States Code, governs fees for representation at

administrative proceedings, and § 406(b) governs fees for representation in court. *McGraw v.*

*Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006).  "[E]ach authority sets fees for the work done

before it; thus, the court does not make fee awards for work at the agency level, and the

Commissioner does not make fee awards for work done before the court." *Id.*  Attorneys

representing Social Security claimants in court may seek fees for their work under both the

EAJA and under § 406(b). *Id.* at 497.[3]  If, however, the Court awards both EAJA fees and

§ 406(b) fees, counsel must refund the smaller amount to the claimant. *Id.*

Under 42 U.S.C. § 406(b)(1),

---

[3] The Tenth Circuit has explained:

> There are several differences between the two types of fees.  For example, EAJA
> fees are awarded based on a statutory maximum hourly rate, while SSA fees are
> based on reasonableness, with a maximum of twenty-five percent of claimant's
> past-due benefits.  *See* [*Frazier v. Apfel,* 240 F.3d 1284, 1286 (10th Cir. 2001)];
> 28 U.S.C. § 2412(d)(2)(A); 42 U.S.C. § 406(b)(1).  Also, "[f]ees under § 406(b)
> satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's
> social security benefits, while fees under the EAJA penalize the [Commissioner]
> for assuming an unjustified legal position and, accordingly, are paid out of agency
> funds." *Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir. 1994).  In that vein, an
> EAJA award is to the claimant, while counsel receives an SSA award.  *See* 28
> U.S.C. § 2412(d)(1)(A) (making award to "a prevailing party"); 42 U.S.C.
> § 406(b)(1) (providing for attorney's payment of approved fee out of past-due
> benefits).  Finally, EAJA fee awards are allowed only if the government's
> position was not "substantially justified" or there are no special circumstances
> that "make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  SSA funds are not so
> conditioned.  42 U.S.C. § 406(b)(1).

*McGraw*, 450 F.3d at 497.

>Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

The 25% cap on fees applies only to fees for representation before this Court and is not an aggregate cap on all court-stage fees and agency-stage fees. *Culbertson v. Berryhill*, 139 S. Ct. 517, 518–19 (2019).

"The tenor of 406(b) is permissive rather than mandatory. It says that the court may make such an award, not that such an award shall be made." *Whitehead v. Richardson*, 446 F.2d 126, 128 (6th Cir. 1971). Traditionally, an award of attorney's fees is a matter within the sound discretion of the court. *Id*. "[T]he Social Security Act (SSA), 42 U.S.C. § 406(b)(1), allows the district court to award attorney's fees to claimant's counsel when the court remands a Title II Social Security disability case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw,* 450 F.3d at 495–96.

In *Gisbrecht v. Barnhart*, the Supreme Court rejected the lodestar method of calculating attorney's fees for Social Security cases, "under which the number of hours reasonably devoted to each case was multiplied by the reasonable hourly fee." 535 U.S. 789, 798–99 (2002). The Supreme Court instead concluded that Congress designed § 406(b) "to control, not displace, fee agreements between Social Security benefit claimants and their counsel." *Id.* at 793. Courts should review fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. The statute imposes the 25%-of-past-due-benefits limitation on fees as a ceiling, rather than as a standard to substantiate reasonableness. *Id*.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Factors relevant to the reasonableness of the fee request include: (i) whether the attorney's representation was substandard; (ii) whether the attorney was responsible for any delay in the resolution of the case; and (iii) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *See id*. at 808. Ultimately, plaintiff's attorney has the burden of showing that the fee sought is reasonable. *Id*. at 807 ("Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."). A court may require the plaintiff's attorney to submit a record of the hours spent representing the plaintiff and a statement of the lawyer's normal hourly billing rate for non-contingency fees cases. *Id*. at 808. The statute does not specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b). The Tenth Circuit has held, however, that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

III.    **Analysis**

First, the Court finds that Ms. Johnson requested § 406(b) fees within a reasonable time. It appears that the SSA did not mail Plaintiff a "Notice of Award" until September 14, 2025. Doc. 19-1 at 15–21. Ms. Johnson filed her fee motion on November 13, 2025. Doc. 19. The Court finds this two-month time frame to be a reasonable period of time. *See Harbert v. Astrue*, No. CIV-06-90-SPS, 2010 WL 3238958, at *1 n.1 (Aug. 16, 2010) (holding that fee petition "should be filed within a reasonable time of the issuance of the notice of award"); *see also Early v. Astrue*, 295 F. App'x 916, 919 n.2 (10th Cir. 2008) (unpublished) (finding no error where district court assessed reasonableness from the date of the notice of award).

Second, the Court must determine whether the fee agreement meets the § 406(b)(1) guideline of not exceeding 25% of the past-due benefits.  The Court finds that it does.  Plaintiff signed three fee agreements—on July 31, 2019, August 20, 2021, and May 6, 2024— which state in relevant part:

> If I am awarded benefits in federal court or if I am awarded benefits by the Social Security Administration following a remand ordered by federal court in my case in which my attorney represented me, I agree to pay my attorney **twenty-five percent (25%)** of my and my family's past-due benefits. . . .
>
> I understand that the federal court m[a]y order the Social Security Administration to pay all or part of the attorney's fee and expenses, under a law named the Equal Access to Justice Act ("EAJA").  If an attorney's fee is awarded under the EAJA, this may lower the amount that I have to pay from my past-due benefits.  In no event will the attorney's fee that I am obligated to pay out of past-due benefits be greater than 25% of the past-due benefits awarded.

Doc. 19-1 at 28–30.  In the instant fee motion, Plaintiff's attorney requests $18,648.50, which constitutes only 16.3 % of her back benefit award of $114,594.00.

Third, having reviewed the particular facts of this case in light of the *Gisbrecht* factors, the Court finds Ms. Johnson's requested attorney's fees to be reasonable.  Ms. Johnson obtained a fully favorable outcome for Plaintiff, and she was not responsible for any appreciable delay in the resolution of the case.  Ms. Johnson's fee request of $18,648.50 is not disproportionately large in comparison to the amount of time spent on the case (*see* Doc. 19-1 at 22–27 (reflecting a total of 86.1 hours of attorney time on this case, or $216.59 per hour)), is well below what she could have requested by statute, and is in line with other awards in this district under § 406(b).  Thus, the Court's independent review of the fee request finds the requested amount to be both appropriate and reasonable.

**IT IS THEREFORE ORDERED** that Plaintiff's Unopposed Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 19) is GRANTED.  Counsel is

awarded $18,648.50 in attorney's fees pursuant to 42 U.S.C. § 406(b)(1) for representing

plaintiff before this Court.  The Court authorizes the Commissioner to pay attorney Laura

Johnson $18,648.50 out of Plaintiff's past-due benefits in accordance with agency policy.

      **IT IS FURTHER ORDERED** that counsel will refund to Plaintiff the $14,950.00 in

attorney's fees awarded under the EAJA.[4]

JENNIFER M. ROZZONI
United States Magistrate Judge
Presiding by Consent

---

[4] If any amount of the EAJA fee was subject to the Treasury Offset Program, counsel need not
refund the offset amount to Plaintiff.  *See* 31 U.S.C. § 3716 (c)(3)(A)(i).